UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **APRIL M. BRITT,** | : | Civil Action No. 06-5810 (JJH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM |
| | : | OPINION |
| **DONALD J. EINHORN,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**HUGHES, U.S.M.J.**

**I.     INTRODUCTION**

This matter is before the Court upon the Motion of Plaintiff April Britt ("Plaintiff") to Add Delay/Prejudgment Interest and Costs to the Verdict/Judgment [dkt. entry no. 40], returnable February 17, 2009.  Defendant Donald Einhorn ("Defendant") filed two separate oppositions to this Motion on January 20, 2009 and January 21, 2009.  Plaintiff filed her reply brief on January 22, 2009.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

This matter arises from a motor vehicle accident involving Plaintiff and Defendant "that occurred on February 1, 2005 at approximately 6:48 p.m. at or near the intersection of Route 31 Southbound and Payne Road in Clinton Township, NJ."  (Pl.'s Br. at 1.)  The parties consented to the jurisdiction of Magistrate Judge John J. Hughes, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Federal Rule of Civil Procedure 73. *See* [dkt. entry no. 19].  This matter was tried before a jury on January 6, 7 and 8, 2009 and the jury returned a verdict in favor of Plaintiff in the amount of $19,389.09.  On January 12, 2009, the Court entered judgment in favor of Plaintiff and against Defendant in the aforesaid amount of

$19,289.09.  *See* [dkt. entry no.45].

### A.     Plaintiff's Arguments in Support of the Motion to Add Delay/Prejudgment Interest and Costs to the Verdict/Judgment

Plaintiff asserts that her "entitlement to delay damages is a matter of the applicable New Jersey law [because] State Rules of Civil Procedure on the subject are considered substantive in nature and govern the issue of delay damages in federal court in a diversity case." (Pl.'s Br. at 1-2.)  Specifically, Plaintiff asserts that pre-judgment and post-judgment interest should be calculated pursuant to New Jersey Rule of Civil Practice 4:42-11.  *Id*. at 2-3.  Plaintiff includes in her brief the following chart with the applicable interest rates:

POST-JUDGMENT AND PRE-JUDGMENT INTEREST RATES

| Year | Rate |
|------|------|
| 2005 | 1.0% |
| 2006 | 2.0% |
| 2007 | 4.0% |
| 2008 | 5.5% |
| 2009 | 4.0% |

*Post-Judgment*: Pursuant to *R*. 4:42-11(a)(ii), the annual post-judgment interest rate is equal to the average rate of return for the State of New Jersey Cash Management Fund for the preceding fiscal year, rounded off to the nearest one-half percent.
*Pre-Judgment*: Pursuant to *R*. 4:42-11(b), interest rates in tort actions after January 1, 1988 are the same as the post-judgment interest rates. Prior to January 1, 1988, the rate is 12% per annum.
*Note*: Effective September 1, 1996, if the judgment exceeds the monetary limit of the Special Civil Part (currently $15,000), 2% should be added to the above interest rate, pursuant to *R*.4:42-11(a)(iii).

*Id*. at 4.

Plaintiff argues that "[b]ecause the verdict was in excess of $15,000.00, the interest rates applicable in the charts are increased by 2%."  *Id*.  Plaintiff also argues that "[p]rejudgment interest is due from the date of the filing of the Complaint (12/5/2006), since the Complaint was filed more than six months after the cause of action accrued."  *Id*.  Plaintiff further argues that

"[t]he total verdict before adding the bill of costs would therefore be calculated as follows: $19,389.09 + $2,720.59 = $22,109.68." *Id*.

Next, Plaintiff requests the Court to "consider [her] [M]otion for delay damages revised to reflect a request for delay damages including costs." (Pl.'s January 20, 2009 Letter at 1.) Therefore, in addition to the $2,720.59 in interest, Plaintiff claims that she is also entitled to costs totaling $6,322.36 as outlined in Plaintiff's Bill of Costs. *See* [dkt. entry no. 38]. Plaintiff argues that "Rule 54 creates a presumption that the district court will award costs to the prevailing party." (Pl.'s Reply Br. at 1.) (citing *Cantrell v. International Bhd. Of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (en banc). Lastly, Plaintiff argues that "[p]erhaps the best evidence that the Plaintiff acted with good faith in filing the instant matter is the independent assessment of the arbitrator in this matter who made an arbitration award in this case before Defendant's appeal therefrom in the amount of $127,389.00, nearly double the jurisdictional limits." *Id*. at 2.

> **B.     Defendant's Argument Opposing the Motion to Add Delay/Prejudgment Interest and Costs to the Verdict/Judgment**

In response to Plaintiff's Motion to Add Delay/Prejudgment Interest and Costs to the Verdict/Judgment, Defendant makes two arguments. First, Defendant argues that New Jersey law has a prohibition against a double receive, specifically N.J.S.A. 2A:15-97 provides in pertinent part: "for all personal injury or wrongful death actions . . . medical expense benefits and wage continuation benefits from sources other than joint tortfeasors, workers' compensation carriers, or the proceeds from life insurance policies shall be disclosed to the trial judge and the Court must reduce the verdict accordingly." (Def.'s January 20, 2009 Opp'n Br. at 2) (citing *Thomas v. Toys "R" US, Inc.*, 282 N.J. Super. 569, 660 (App. Div. 1995), Certif. Den. 142, N.J.

574 (1995)). Defendant asserts that the verdict must be reduced by $7,000.00 because Plaintiff received $15,000.00 for lost income from her policy with Erie Insurance Group, thus duplicating the lost wages amount of $7,000.00 awarded by the jury. *Id*. Therefore, Defendant argues that "[s]ince the application of the above-cited statute will reduce the verdict below $15,000, there is no basis to increase the interest by two percent" and asserts that the interest award should be calculated at the applicable interest rates absent any 2% increase for a total of $1,215.04. *Id*. at 3.

Next, Defendant argues that the Court should deny costs pursuant to 28 U.S.C.A. 1332(b) because "[t]he above cited statute provides that where the plaintiff recovers less than $75,000.00, the District Court may deny costs to the plaintiff." (Def.'s January 21, 2009 Opp'n Br. at 1); Defendant asserts that because the $19,389.09 jury verdict in this case does not exceed the jurisdictional amount, costs to the Plaintiff should be denied. *Id*. at 1-2.  In the alternative, Defendant requests the Court to reduce Plaintiff's cost award by the following: 1) Duplicate invoice for Jenni Levy, M.D. $ 380.00; 2) Deposition of Donald Einhorn $193.80; 3) Deposition of April Britt $350.50; 4) Video playback fee $1.105.00; 5) Copy costs $ 672.59; and 6)Second deposition of Timothy Bruffey $ 858.15. *Id*. at 3.

**III.     Discussion**

New Jersey Rule of Civil Practice 4:42-11(a)(iii) provides, in pertinent part, that 2% per annum shall be added to the rate provided by this Rule when calculating interest for judgments exceeding the monetary limit of the Special Civil Part at the time of entry.  On January 12, 2009, the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $19,289.09.  *See* [dkt. entry no.45].  Therefore, Plaintiff calculated interest by increasing the applicable interest rates by 2% for a total of $2,720.59.  Defendant asserts that Plaintiff is not

4

entitled to a 2% per annum increase when calculating interest because the verdict will be less than the $15,000 Special Civil Part monetary limit, after it is reduced by $7,000.00 pursuant to N.J.S.A. 2A:15-97.  (Def.'s January 20, 2009 Opp'n Br. at 2).  Specifically, Defendant asserts that the verdict must be reduced by the  lost past wages award of $7,000.00 to prevent duplicate awards since Plaintiff received wage continuation benefits in excess of $7,000.00. *Id*.  The Court is inclined to deny Defendant's motion to reduce the verdict, but notes that no formal motion was filed.  Therefore, the Court grants Plaintiff's Motion for prejudgment interest and awards interest to Plaintiff in the amount of $2,720.59, which is calculated according to the applicable interest rates, plus a 2% per annum increase pursuant to New Jersey Rule of Civil Practice 4:42-11(a)(iii).

     Pursuant to 28 U.S.C.A. 1332(b), a District Court may deny costs to a plaintiff, where the plaintiff recovers less than $75,000.00.  This matter was tried before a jury on January 6, 7 and 8, 2009 and the jury returned a verdict in favor of Plaintiff in the amount of $19,389.09.  On January 12, 2009, the Court entered judgment in favor of Plaintiff and against Defendant in the aforesaid amount of $19,289.09.  *See* [dkt. entry no.45].  Therefore, the Court denies Plaintiff's Motion for Costs pursuant to 28 U.S.C.A. 1332(b) because the jury verdict in this matter fell well below the jurisdictional amount.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Add Delay Damages and Costs to the Verdict/Judgment [dkt. entry no. 40] is granted in part and denied in part. An appropriate Order accompanies this Memorandum Opinion.

**DATED:** February 27, 2009.

s/ *John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**
